Lee *v.* The Atlanta Street Railroad Company.

In order to be enforced by the court, any consent of counsel not to insist that the brief of evidence shall be filed within thirty days after the trial, where a motion for a new trial is made, must be in writing. Rule 20, Code p. 1348. In the present case there was no waiver by conduct outside of the alleged express consent, and the latter not being in writing, there was no error in dismissing the motion for a new trial.

November 9, 1892.

Before Judge Marshall J. Clarke. Fulton superior court. March term, 1892.

In this case, commenced in 1890, a verdict for the defendant was rendered on March 30, 1892. Within thirty days, and at the same term, the plaintiff moved for a new trial. A rule *nisi* was granted on April 27, returnable on May 14. On June 30 the motion came on to be heard, and the defendant moved to dismiss it because no brief of evidence was filed within thirty days after the trial. This was resisted by the plaintiff's counsel, who claimed that they had been misled, by the words and conduct of counsel for the defendant, into believing that the requirement as to filing the brief in thirty days had been waived, one of them having stated to plaintiff's counsel, pending an effort to agree on the brief, that it did not matter about filing it within the thirty days, etc. On this issue conflicting testimony was introduced as to the statements of counsel and the circumstances. The court dismissed the motion for new trial for the reason stated, and the plaintiff excepted.

WESTMORELAND & AUSTIN, for plaintiff.

N. J. & T. A. HAMMOND, for defendant.

BLECKLEY, Chief Justice.

The main case tried below came within the act of 1889 which requires the brief of evidence to be filed, as well as the motion for a new trial to be made, within thirty days after the trial was had. The brief of evidence not having been filed until after the thirty days had expired, the court for that reason dismissed the motion for a new trial. It was insisted that this was wrong because the delay to file the brief was matter of consent between counsel for the respective parties. There was no waiver by conduct outside of the alleged express consent, and the latter was not in writing nor was it admitted to have been made by the party or the counsel against whom it was sought to be enforced. In other words, the fact that there was any consent of counsel

was controverted. This being so, rule 20th of the superior courts (Code p. 1348) applies. This rule reads thus: " No consent between attorneys or parties will be enforced by the court, unless it be in writing and signed by the parties to the consent." The counsel evidently misunderstood each other, and thus one of the actual evils against which the rule was aimed arose in the present case. There was no error in dismissing the motion for a new trial.                    *Judgment affirmed.*